UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA BARTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>    Defendant. | Case No.  12-cv-05412-JST<br><br>**ORDER DISMISSING COMPLAINT** *SUA SPONTE* **WITH PREJUDICE** |

On April 16, this Court dismissed Plaintiff Priscilla Barton's ("Plaintiff") complaint because it failed to allege sufficient facts to state viable claims. ECF No. 43.  The Court granted Plaintiff leave to amend her complaint, ordered her to do so within thirty days, and warned that failure to do so would result in dismissal with prejudice.  Id.  Plaintiff has neither filed an amended complaint by the Court's deadline nor filed anything else to explain her failure to prosecute this case.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); see also Oliva v. Sullivan, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss *sua sponte* for failure to meet court deadline).  "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

The first three Henderson factors strongly support dismissal. See Yourish, 191 F.3d at 992 ("three factors strongly favor dismissal" when plaintiff, without valid explanation, failed to meet deadline to file amended complaint). First, "the public's interest in expeditious resolution of litigation always favors dismissal." Id. at 990. Second, to be able to manage its docket effectively, the Court must be able to dismiss actions without operative complaints which have stalled due to one party's unilateral inaction in meeting court-imposed deadlines.

As for the third Henderson factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. Id. at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." In re PPA, 460 F.3d at 1228. Moreover, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." Yourish, 191 F.3d at 991. "[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating an at least non-frivolous reason for failing to meet a court deadline. Id.; see also Yourish, 191 F.3d at 991. Here, Plaintiff has not requested an extension of the deadline and has offered no explanation for her failure to timely amend. Therefore, the Court concludes that the third Henderson factor also strongly supports dismissal.

The fourth Henderson factor normally weighs strongly against dismissal. See, e.g., Hernandez, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward

1  resolution on the merits." In re PPA, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996)). If the fourth Henderson factor weighs against dismissal, it does so very weakly.

Finally, the Court has considered less drastic sanctions and determined that they are likely to be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already warned Plaintiff that failure to timely amend would result in dismissal with prejudice. This fact alone does not demonstrate that the Court has already attempted less serious sanctions. See Yourish, 191 F.3d at 992. But it informs the Court's judgment about whether granting further leave to amend is likely to be productive. Plaintiff certainly cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." Oliva, 958 F.2d at 274. Other sanctions -- such as fining Plaintiff or recommending counsel for discipline -- seem very inappropriate for inaction which might well just be Plaintiff's way to submitting to the Court's initial dismissal.

For the foregoing reasons, the Court hereby DISMISSES the Complaint. This time, dismissal is WITH PREJUDICE. See Yourish, 191 F.3d at 998 (approving dismissal with prejudice for failure to timely amend complaint). The Court concludes that it would be futile to grant further leave to amend since the Court's last grant of leave prompted no response. Moreover, it would prejudice defendants to continue to require them to defend an action with no operative complaint, and Plaintiff has provided no justification for the delay in prosecution. See Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing "undue

/ / /

/ / /

/ / /

/ / /

delay," "undue prejudice" and "futility of amendment" as factors that support dismissal with leave to amend).

**IT IS SO ORDERED**.

Dated: May 22, 2013

_____
JON S. TIGAR
United States District Judge